**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| ANTHONY MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:26-CV-69 (MTT) |
| | ) | |
| ARLENE BLUTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

On February 25, 2026, plaintiff Anthony Mills, proceeding pro se, filed his complaint. ECF 1. That same day, he moved to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Mills' motion to proceed IFP (ECF 2) is **GRANTED**. However, Mills' complaint lacks important factual allegations that Mills may have omitted because of his pro se status. Thus, the Court **ORDERS** Mills to amend his complaint by **May 15, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Mills' IFP affidavit establishes that he cannot pay the court fees. ECF 2. Thus, the Court finds that Mills is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Mills is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

In his three-paragraph complaint, Mills alleges that the Defendant "conspired with individuals depriving due process rights." ECF 1 ¶ 1. Mills further alleges "Defendant failed to dismiss 100269/2023, causing unreasonable costs to the parties." *Id*. Mills' complaint is threadbare and entirely conclusory. Because Mills' complaint lacks any meaningful factual allegations, the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). However, given Mills' pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Mills is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Mills shall have until **May 15, 2026,** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Mills must link any claims he makes to a named defendant. If Mills fails to link a named defendant to a

-4-

claim, the claim will be dismissed; if Mills makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Mills must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Mills list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Mills injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Mill's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Mills may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Mills' motion to proceed IFP (ECF 2) is **GRANTED**, and Mills is **ORDERED** to amend his complaint no later than **May 15, 2026**.

**SO ORDERED**, this 24th day of April, 2026.

-6-

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT