**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ANTHONY MILLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-69 (MTT)** |
| | ) | |
| **ARLENE BLUTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Pro se plaintiff Anthony Mills filed this lawsuit against Arlene Bluth. ECF 1. Mills also moved to proceed *in forma pauperis* ("IFP"). ECF 2. The Court granted Mills' motion to proceed IFP and ordered Mills to file an amended complaint no later than May 15, 2026. ECF 3.

The time for compliance passed without a response from Mills. As a result, Mills was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. ECF 4. Mills was given until June 3, 2026, to comply with the Court's orders and instructions and warned that failure to comply could result in dismissal of this action. *Id*.

The time for compliance has again passed without a response from Mills.[1] As Mills was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may

---

[1] The docket reflects that the Court's orders have been returned to sender as undeliverable. It is Mills' responsibility to update his address so that he may receive orders and notices from the Court. *See Horowitz v. Pfizer*, 2021 WL 2635827, at *1 (M.D. Fla. 2021). Because Mills has failed to provide a valid address, any further attempt to send the Court's orders would be futile.

-2-

dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2] Moreover, Mills' complaint, which consists of three paragraphs, contains no factual assertions that could entitle him to relief and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as frivolous.[3] *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"). Accordingly, Mills' complaint (ECF 1) is **DISMISSED without prejudice**.

SO ORDERED, this 11th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[3] Mills' complaint provided the Court with no reason to believe that venue is proper in this district or that the Court has personal jurisdiction over the defendant. It also appears that Mills filed the same or similar lawsuits in multiple judicial districts, which may be regarded as vexatious and an abuse of the legal process. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477–78 (11th Cir. 2020); *See, e.g., Anthony Mills v. Arlene Bluth*, No. 2:26-cv-00090-MKD, 2026 WL 488994, at *1 (E.D. Wash. Feb. 20, 2026); *Anthony Mills v. Arlene Bluth*, No. CIV-26-322-SLP, 2026 WL 498886, at *1 (W.D. Okla. Feb. 23, 2026).